UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENT LAUREN KINCAID, | No. 2:15-cv-1477-EFB |
| Plaintiff, | |
| v. | ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security | |
| Defendant. | |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. The parties have filed cross-motions for summary judgment. For the reasons that follow plaintiff's motion for summary judgment is granted, the Commissioner's motion is denied, and the matter is remanded for further proceedings.

I.    BACKGROUND

Plaintiff filed an application for a period of disability and DIB, alleging that he had been disabled since February 1, 2012. Administrative Record ("AR") 143-144. His application was denied initially and upon reconsideration. *Id.* at 90-93, 97-101. On August 22, 2013, a hearing

/////

1

was held before administrative law judge ("ALJ") Timothy S. Snelling. *Id.* at 28-64. Plaintiff was represented by counsel at the hearing, at which he testified. *Id.*

On September 20, 2013, the ALJ issued a decision finding that plaintiff was not disabled under sections 216(i) and 223(d) of the Act.[1] *Id*. at 12-23. The ALJ made the following specific findings:

1. The claimant meets the insured status requirements of the Social Security Act through March 31, 2014.

2. The claimant has not engaged in substantial gainful activity since February 1, 2012, the alleged onset date (20 CFR 404.1571 *et seq*.).

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq*. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. §§ 1382 *et seq*. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. *Yuckert*, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. *Id.*

2

3. The claimant has the following medically severe impairments: bipolar disorder; obsessive compulsive disorder; attention deficit disorder; dependent personality disorder; pervasive developmental disorder, not otherwise specified; anxiety disorder, not otherwise specified; history of alcohol abuse and polysubstance abuse in remission; learning disorder; and antisocial personality disorder (20 CFR 404.1520(c)).

* * *

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525and 404.1526).

* * *

5. After careful consideration of the entire record, the undersigned finds that he claimant has the residual functional capacity to perform a wide range of work at all exertional levels but with the following nonexertional limitations: however the claimant is rarely able to understand, remember, and carryout complex and detailed job instructions; he can more than occasionally but less than frequently have fact-to-face interaction with the general public although the claimant can work in close proximity or along-side people without difficulty. The claimant can only have work quotas on a daily or weekly basis, but not on an hourly basis.

* * *

6. The claimant has no past relevant work (20 CFR 404.1565).

* * *

7. The claimant was born on December 23, 1969 and was 42 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 404.1568).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant number in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).

* * *

11. The claimant has not been under a disability, as defined in the Social Security Act, from February 1, 2012, through the date of this decision (20 CFR 404.1520(g)).

*Id.* at 14-22.

Plaintiff's request for Appeals Council review was denied on May 13, 2015, leaving the ALJ's decision as the final decision of the Commissioner. *Id.* at 1-6.

II.     LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

III.    ANALYSIS

Plaintiff argues that the ALJ erred in (1) failing to provide sufficient reasons for rejecting the medical opinions of record; (2) discrediting his subjective complaints absent clear and convincing reasons; and (3) failing to procure the assistance of a vocational expert. ECF No. 12-1 at 12-25.

Plaintiff contends that the ALJ erred by tacitly rejecting opinions from his treating and non-examining physicians, and that his basis for rejecting plaintiff's examining physician was not legally sufficient. ECF No. 12-2. The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. *Lester*, 81

F.3d at 834.  Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual.  *Id*.; *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996).  To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the court considers whether (1) contradictory opinions are in the record; and (2) clinical findings support the opinions.  An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons.  *Lester*, 81 F.3d at 831.  In contrast, a contradicted opinion of a treating or examining medical professional may be rejected for "specific and legitimate" reasons that are supported by substantial evidence.  *Id*. at 830.  While a treating professional's opinion generally is accorded superior weight, if it is contradicted by a supported examining professional's opinion (e.g., supported by different independent clinical findings), the ALJ may resolve the conflict.  *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).  However, "[w]hen an examining physician relies on the same clinical findings as a treating physician, but differs only in his or her conclusions, the conclusions of the examining physician are not 'substantial evidence.'"  *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007).

Plaintiff began receiving treatment from Dr. David Robinson in August 2012.  AR 290.  He diagnosed plaintiff with bipolar disorder with signs and symptoms of fluctuating mood, sadness and frustration.  *Id*.  It was Dr. Robinson's opinion that plaintiff had a fair ability (seriously limited, but not precluded)[2] to follow work instructions, relate to co-workers, deal with the public, use judgment, interact with supervisors, deal with work stressors, function independently, maintain attention/concentration, maintain personal appearance, behave in an emotionally stable manner, relate predictably in social situations, and demonstrate reliability.  *Id*. at 290-291.  He further opined that plaintiff had a poor to no ability (no useful ability) to understand, remember, and carry out complex job instructions; a fair ability to understand,

/////

---

[2] The form Dr. Robinson completed asked him to rate plaintiff's functional limitations as "Unlimited or Very Good," "Good," "Fair," and "Poor to None."  AR 290.

1  remember, and carry out detailed, but not complex, job instructions; and a good ability (limited
2  but satisfactory) understand, remember, and carry out simple job instructions. *Id*. at 291.
3      Plaintiff underwent a psychiatric evaluation, which was performed by examining
4  physician Dr. Les Kalman. *Id*. at 277-286. Dr. Kalman diagnosed plaintiff with bipolar disorder,
5  mixed; polysubstance dependency in remission; and learning disorder. *Id*. at 280. Based on his
6  evaluation, he opined that plaintiff was markedly limited in accepting instructions and responding
7  appropriately to supervisors and moderately limited in understanding, remembering, and carrying
8  out detailed instructions; maintaining attention and concentration for extended periods; working
9  in coordination with or in proximity to others; completing a normal workday and workweek
10 without interruptions from psychologically based symptoms, and performing at a consistent pace
11 without an unreasonable number and length of rest periods. *Id*. at 282-283. He further opined
12 that plaintiff's impairments would cause him to be absent from work 5 or more days a month. *Id*.
13 at 285.
14     Two non-examining physicians, Drs. Heather Barrons and S. Jacobson, reviewed
15 plaintiff's medical records and both opined that he was capable of understanding and
16 remembering simple instructions/procedures as well as work place locations; maintaining
17 concentration, pace and persistence for simple routines throughout a normal workday/workweek;
18 adapting to work environment; recognizing hazards; traveling; setting goals independently; and
19 interacting with co-worker and supervisors on a superficial and incidental basis, but can only have
20 brief public contact. *Id*. at 73, 86.
21     In assessing plaintiff's RFC, the ALJ gave significant, but not full weight, to the opinion
22 of Dr. Robinson and the two non-examining physicians, while according little weight to Dr. Les
23 Kalman's opinion. Plaintiff contends that despite giving significant weight to Dr. Robinson's
24 treating opinion and Drs. Barrons and Jacobson's non-examining opinions, the ALJ rejected a
25 significant portions of these opinions without any explanation.
26 /////
27 /////
28 /////

1    The ALJ explained that these opinions were given significant weight because they were

2 supported by the record as a whole, including findings from mental status examinations showing

3 that plaintiff was doing well and had normal alertness, thought process, and thought content. *Id*.

4 at 20. The ALJ also provided the following narrative:

> No single assessment has been completely adopted as the residual functional capacity determined herein. For example, full weight is not given to the opinions of the State agency psychiatrists [Drs. Barrons and Jacobson] because their limitations that the claimant is completely precluded from interacting with the public is inconsistent with his testimony that he was able to shop and use public transportation. The undersigned has adopted those specific restrictions on a function-by-function basis that are best supported by the objective evidence as a whole.

10 *Id*.

11    Thus, the ALJ provided an explanation for why he rejected Drs. Barrons and Jacobson's

12 opinion that plaintiff was limited in interacting with the public.[3] However, as argued by plaintiff,

13 these physicians also opined that plaintiff could only interact with supervisors on a superficial and

14 incidental basis. *Id*. at 73, 86. This limitation is not contained in the ALJ's assessment of

15 plaintiff's RFC, and the ALJ was not permitted to reject this opinion without any explanation.

16 *Flores v. Shalala*, 49 F.3d 562, 570 (9th Cir. 1995) (An ALJ "may not reject 'significant

17 probative evidence' without explanation."); *see also* SSR 96-6p (ALJs cannot ignore opinions

18 from state agency physicians and psychologist and must explain the weight given to these opinion

19 in their decision).

20    More significantly, the ALJ rejected important portions of the opinion of Dr. Robinson,

21 plaintiff's treating physician. Dr. Robinson opined that plaintiff is seriously limited in numerous

22 work-related activities, including following work rules, interacting with supervisors, using

23 judgment, dealing with work stressors, maintaining attention and concentration, functioning

24 independently, demonstrating reliability, and behaving in an emotionally stable manner, to name

25 a few. AR 290-291. Despite stating that Dr. Robinson's opinion was being accorded significant

---

[3] Contrary to the ALJ's finding, Drs. Heather Barrons and S. Jacobson did not opine that plaintiff was "completely precluded from interacting with the public." *See* AR 20. Instead, they opined that plaintiff "was capable of brief public contact." *Id*. at 73, 86.

weight, virtually none of the serious limitations he assessed were included in plaintiff's RFC. Thus, despite lip service to Dr. Robinson's treating opinion, the ALJ rejected it without explanation, which he was not permitted to do. *Lester*, 81 F.3d at 830.

Lastly, the ALJ's rejection of the opinion from examining physician Dr. Les Kalman was based largely on a misreading of the record. Dr. Kalman's findings from having examined plaintiff and Dr. Kalman's medical opinion regarding plaintiff's functional limitations are contained in two documents, Exhibits 7F and 8F. The ALJ, however, reads exhibits 7F and 8F as having come from two different physicians. Citing to Exhibit 7F, the ALJ stated that plaintiff was evaluated by "a psychiatric consultative examiner, Lee [sic][4] Kalman, M.D., Psy.D." The ALJ found "that Dr. Kalman did not render an opinion regarding the claimant's functional capacity." *Id*. at 19. Two paragraphs later the ALJ states that he also "considered the opinion of the treating[5] psychiatrist, Les Kalman, M.D. (Ex. 8F.)." The ALJ states that he gave this opinion "little weight" because it was "brief, conclusory, and inadequately supported by clinical findings." *Id*. at 20.

There is only one Dr. Kalman involved in this case and his opinion is set out collectively in Exhibits 7F and 8F, both of which are signed by "Les P. Kalman, M.D." and are dated "July 19, 2013." *Id*. at 277-289. The first exhibit (7F) contains a detailed narrative of Dr. Kalman's findings from his mental examination of plaintiff, while the latter consists of a check-the-box medical statement concerning plaintiff's mental impairments. *Id*. The plain text of Exhibit 7F contains Dr. Kalman's findings that support his opinion stated in Exhibit 8F. This cannot be squared with the ALJ's dismissive characterization of Dr. Kalman's opinion as "brief,"

/////

/////

/////

---

[4] Dr. Kalman's first name is Les, not "Lee." AR 277. Exhibit 7F clearly identifies the examining physician as Dr. Les Kalman. *Id.*

[5] Exhibit 8F does not identify Dr. Kalman as a treating physician. It is clear from the record that he only examined plaintiff on a single occasion.

"conclusory," and inadequately supported by clinical findings. Accordingly, his disregard of this examining opinion is not supported by substantial evidence.[6]

Accordingly, the ALJ failed to properly consider the medical opinion evidence of record, and this case must be remanded for further consideration of plaintiff's mental impairments.[7] *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits.").

IV.  CONCLUSION

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment is granted;

2. The Commissioner's cross-motion for summary judgment is denied;

3. The matter is remanded for further proceedings consistent with this order; and

/////

/////

/////

---

[6] While not conceding that the ALJ failed to give adequate reasons for rejecting the opinion evidence of record, the Commissioner hardly attempts to defend the ALJ's decision on this issue. The Commissioner concludes that the ALJ properly evaluated the conflicting medical evidence "by summarizing it in detail and interpreting it," and then argues that when "the evidence before the ALJ is subject to more than one rational interpretation, we must defer to the ALJ's conclusion." ECF No. 13 at 6 (citing *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1197-98 (9th Cir. 2004)). She then claims that the "ALJ's reasoning set forth in his 6-page discussion of the medical evidence provides sufficient guidance for this Court to draw inferences as to why the ALJ rejected the more restrictive medical opinions and Plaintiff's incredible subjective complaints in assessing his residual functional capacity." *Id*. at 6-7. The Commissioner, however, does not specifically address any of the ALJ's findings, nor does she discuss any of the evidence that purportedly provides "sufficient guidance" to understanding the ALJ's basis for rejecting opinions that were accorded significant weight. Equally problematic, the Commissioner's motion for summary judgment does not address any of the specific argument raised by plaintiff regarding the ALJ's treatment of the medical evidence. Instead, the Commissioner's motion presented a boiler plate argument, which the court has read in other cases that fails to address any specifics of this case and ultimately provides no assistance to the court in resolving this issue.

[7] Because the case must be remanded for further consideration, the court declines to address plaintiff's additional argument.

4. The Clerk is directed to enter judgment in plaintiff's favor.

DATED: September 27, 2016.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE