UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENT LAUREN KINCAID,<br><br>    Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>    Defendant. | No. 2:15-cv-1477-EFB<br><br><br><br>ORDER |

Plaintiff moves for an award of attorneys' fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1). ECF No. 17. He seeks fees in the amount of $5,898.68 based on 31 hours of work at a rate of $190.28 for work performed by attorney Shellie Lott. *See* ECF No. 17-2. Defendant agrees that plaintiff is entitled to attorney's fees, but argues that the number of hours claimed is unreasonable and should be reduced accordingly. ECF No. 18.

The EAJA directs the court to award a reasonable fee. 28 U.S.C. § 2412(d)(2)(A). In determining whether a fee is reasonable, the court considers the hours expended, the reasonable hourly rate and the results obtained. *See Comm'r, INS v. Jean*, 496 U.S. 154 (1990); *Hensley v. Eckerhart*, 461 U.S. 424 (1983); *Atkins v. Apfel*, 154 F.3d 986 (9th Cir. 1998). "[E]xcessive, redundant, or otherwise unnecessary" hours should be excluded from a fee award, and charges that are not properly billable to a client are not properly billable to the government. *Hensley*, 461 U.S. at 434. An award of fees should be properly apportioned to pursuing the stages of the case

1

in which the government lacked substantial justification." *Corbin*, 149 F.3d 1053; *Flores*, 49 F.3d at 566-71.

Here, defendant does not object to plaintiff's hourly rate but contends that the number of hours expended by plaintiff's counsel was unreasonable. ECF No. 18 at 2-5. First, defendant argues the number of hours spent preparing the motion for summary judgment and the reply brief was excessive in light of the routine nature of this case and the experience of counsel. The "expertise of plaintiff's counsel does not make the hours expended unreasonable." *Patterson v. Apfel*, 99 F. Supp. 2d 1212, 1213 (C.D. Cal. 2000). "Social security cases are fact-intensive and require a careful application of the law to the testimony and documentary evidence, which must be reviewed and discussed in considerable detail." *Id.*; *see also Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1134 n.1 (9th Cir. 2012) ("[T]he term 'routine' is a bit of a misnomer as social security disability cases are often highly fact-intensive and require careful review of the administrative record, including complex medical evidence."). Here, the motion for summary judgment and reply brief submitted by plaintiff's counsel were thorough and evidenced such attention to detail. Accordingly, the court finds that the 19.6 hours spent preparing the motion for summary judgment and 6.5 hours preparing the reply brief were reasonable. *See Moreno*, 534 F.3d at 1112 ("By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker."); *Hensley*, 461 U.S. at 435 ("Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee.").

Moreover, the number of hours expended by plaintiff's attorney is well within the limit of what would be considered a reasonable amount of time spent on this action when compared to the time devoted to similar tasks by counsel in like social security appeals coming before this court. *See Boulanger v. Astrue*, No. CIV S-07-0849 DAD, 2011 WL 4971890, at *2 (E.D. Cal. Oct. 19, 2011) (finding 58 hours to be a reasonable amount of time); *Watkins v. Astrue*, No. CIV S-06-1895 DAD, 2011 WL 4889190, at *2 (E.D. Cal. Oct. 13, 2011) (finding 62 hours to be a reasonable amount of time); *Vallejo v. Astrue*, No. 2:09-cv-03088 KJN, 2011 WL 4383636, at *5 (E.D. Cal. Sept. 20, 2011) (finding 62.1 hours to be a reasonable amount of time); *Dean v. Astrue*,

1 No. CIV S-07-0529 DAD, 2009 WL 800174, at *2 (E.D. Cal. Mar. 25, 2009) (finding 41 hours to
2 be a reasonable amount of time); *see also Costa v. Commissioner of Social Sec. Admin.*, 690 F.3d
3 1132, 1136 (9th Cir. 2012) ("Many district courts have noted that twenty to forty hours is the
4 range most often requested and granted in social security cases."); *cf. id.* at 1137 ("District courts
5 may not apply de facto caps limiting the number of hours attorneys can reasonably expend on
6 'routine' social security cases.").

7 There is also no merit to defendant's contention that plaintiff is not entitled to
8 compensation for the remaining 4.9 hours litigating this case because such time was not spent
9 completing the motion for summary judgment and reply brief. *See* ECF No. 18 at 3. Counsel
10 spent 2.3 hour preparing her fee motion and supporting declaration, which is a compensable task.
11 *Davis v. City & Cnty. of San Francisco*, 976 F.2d 1536, 1544 (9th Cir. 1992) ("[T]ime spent by
12 counsel in establishing the right to a fee award is compensable."). The remaining 2.6 hours of
13 attorney time were spent conferring with plaintiff regarding the case's progress and reviewing this
14 court's orders, the Appeals Council's final decision, and defendant's cross-motion for summary
15 judgment. Such tasks were necessary to litigate this action.

16 Lastly, defendant argues that plaintiff is not entitled to the full fee request because the
17 order remanding the case for further proceedings only addressed two of plaintiff's four
18 arguments. ECF No. 18 at 4. The Commissioner therefore concludes that "50% of the briefing in
19 this case was unreasonable in light of the results obtained." *Id.* at 5. The argument is contrary to
20 Supreme Court precedent. *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1988) (a court's "failure
21 to reach certain grounds is not a sufficient reason for reducing a fee."). Moreover, acceptance of
22 such the argument would require the court to waste judicial resources on evaluating arguments
23 not necessary to the resolution of the case, which the court is not inclined to do. *See Rizzo v.
24 Comm'r Soc. Sec.*, No.. 2:14-cv-1305-MCE-KJN, 2015 WL 13236928, at *2 (E.D. Cal. Dec. 11,
25 2015) (rejecting argument that plaintiff was "not entitled to her requested fees because the Court
26 remanded the matter based solely on only one of five of Plaintiff's arguments," and observing
27 that accepting defendant's argument "would require the Court to spend its already-strained
28 resources evaluating arguments not necessary to the disposition of the motions before it.").

III.     Conclusion

Based on the foregoing, the court finds that the plaintiff's counsel reasonably spent 31 hours litigating this case at a rate of $190.28. Accordingly, plaintiff's counsel is entitled to $5,898.68 in attorney's fees.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for attorney's fees (ECF No. 17) is granted;

2. Plaintiff is awarded attorney's fees under the EAJA in the amount of $5,898.68; and

3. Pursuant to *Astrue v. Ratliff*, 560 U.S. 586 (2010), any payment shall be made payable to plaintiff and delivered to plaintiff's counsel, unless plaintiff does not owe a federal debt. If the United States Department of the Treasury determines that plaintiff does not owe a federal debt, the government shall accept plaintiff's assignment of EAJA fees and pay fees directly to plaintiff's counsel.

DATED: February 8, 2018.

                    EDMUND F. BRENNAN
                    UNITED STATES MAGISTRATE JUDGE